UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Adonis Alford Mack,

       Petitioner,                      Case No. 22-11016
                                            F. Kay Behm
v.                                                U.S. District Judge

Chris King,

       Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION
TO DISMISS, DENYING CERTIFICATE OF APPEALABILITY, AND
GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Adonis Alford Mack, a state prisoner in the custody of the Michigan Department of Corrections, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1). Respondent has filed a motion to dismiss, arguing that the petition was not timely filed. (ECF No. 6.)

For the reasons explained, the Court grants Respondent's motion, denies a certificate of appealability, and grants Petitioner permission to proceed *in forma pauperis* on appeal.

### I. Background

Petitioner was charged in Wayne County Circuit Court with first-degree premeditated murder, assault with intent to murder, being a felon in possession of a firearm, and possession of a firearm during the commission of a felony. On November 22, 2017, Petitioner pleaded guilty to second-degree murder and felony firearm with a

sentence agreement of 10 to 30 years for the murder conviction and a consecutive 2-year sentence for the felony-firearm conviction. (*See* ECF No. 7-6, PageID.306.) On December 11, 2017, Petitioner was sentenced in accordance with the plea agreement. (*Id.*) Petitioner did not file a direct appeal. (ECF No. 1, PageID.15.)

On November 2, 2019, Petitioner filed a motion for relief from void judgment in the trial court. The court dismissed the motion since it did not conform to Michigan Court Rules. *See* 1/8/2020 Order Dismissing Def.'s Mot. for Relief from Void J. (ECF No. 7-4, PageID.278-89).

On February 3, 2020, Petitioner filed a motion for relief from judgment which was accepted for filing by the trial court. The court denied the motion. *See* 8/4/2020 Order Den. Def.'s Mot. for Relief from J. (ECF No. 7-6, PageID.306). On November 9, 2020, the court denied Petitioner's motion for reconsideration. *See* Ord. Den. Def.'s Mot. For Recons. (ECF No. 7-7).

Petitioner then filed an application for leave to appeal which was denied by the Michigan Court of Appeals. *People v. Mack*, No. 357421 (Mich. Ct. App. Sept. 2, 2021). On January 31, 2022, the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Mack*, 508 Mich. 1037 (Mich. Jan. 31, 2022).

On April 27, 2022, Petitioner filed this habeas petition. (ECF No. 1.) Respondent has filed a motion to dismiss arguing that the petition was not timely filed. (ECF No. 6.) Petitioner has filed a response to the motion. (ECF No. 9.)

## II. Discussion

Respondent argues that the petition is barred by the one-year statute of limitations. A one-year limitations period applies to all habeas corpus petitions. *See* 28 U.S.C. § 2254(d)(1). A prisoner must file a federal habeas corpus petition "from the latest" of four dates: (A) the date on which the state-court judgment became final; (B) the removal date of an unconstitutional state impediment to filing for federal habeas relief; (C) the date the Supreme Court recognizes a new constitutional right made retroactive and applicable to collateral review; or (D) the date the prisoner discovered new facts that could not have been discovered previously. 28 U.S.C. § 2244(d)(1).

Petitioner is not relying on a newly-recognized constitutional right or on newly discovered facts, and he has not alleged that a state-created impediment prevented him from filing a timely petition. Consequently, the relevant subsection here is § 2244(d)(1)(A), which states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on December 11, 2017. Because he did not pursue a direct appeal of his convictions in the state courts, his convictions became final when the time for filing a delayed application for leave to appeal with the Michigan Court of Appeals expired six months later, on June 11, 2018. *See* Mich. Ct. R. 7.205(G)(3). *See Keeling v. Warden, Lebanon Correctional Institution*, 673 F.3d 452, 460-61 (6th Cir. 2012) ("Because Keeling failed to pursue direct review all the way to the [state] Supreme Court, his judgment became final at the expiration of the time for pursuing direct review

3

in state court."). The one-year limitations period commenced the following day and expired one year later on June 12, 2019.

Petitioner signed and dated his petition on April 27, 2022, and it is considered filed on that date. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). The petition was filed nearly three years after the limitations period expired. Petitioner's two motions for relief from judgment were filed after the limitations period expired. While the filing of a state-court motion for collateral review tolls a limitations period that has not yet expired, it does not start the limitations period anew. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

The AEDPA's one-year limitations period is not a jurisdictional bar and is therefore subject to equitable tolling where a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling*, 673 F.3d at 462 (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

Petitioner argues that the limitations period should be tolled because neither the trial court nor defense counsel informed Petitioner of his right to appeal his plea-based conviction. (*See* ECF No. 9, PageID.481.) Even assuming the trial court and trial counsel did not inform Petitioner of his right to file a direct appeal and that this oversight interfered with his ability to pursue direct review, Petitioner fails to explain how his

4

ignorance of his appellate rights prevented him from timely filing a habeas petition. *Miller v. Cason*, 49 F. App'x 485, 497 (6th Cir. 2002) (holding that while failing to notify petitioner of appeal rights may have interfered with petitioner's direct appeal, petitioner "failed to explain how [it] prevented him from filing his federal habeas corpus petition" within the one-year limitations period); *Robinson v. Burton*, No. 18-2439, 2019 WL 11748396, at *2 (6th Cir. July 15, 2019) ("[A]ny deficiency by the state court relating to [the petitioner's] filing of a direct appeal cannot be considered an impediment to the filing of a timely federal habeas petition."). Regardless of whether Petitioner filed a direct appeal in state court, he had one year from the date on which his conviction became final to file a federal habeas petition. Even assuming that Petitioner was unaware of the one-year limitations period, "ignorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

Petitioner also argues that the statute of limitations should be tolled because of his mental illness and seeks an evidentiary hearing on this issue. A petitioner's mental incompetence can constitute an extraordinary circumstance justifying equitable tolling of the one-year limitations period. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). In *Ata*, the Sixth Circuit Court of Appeals held that to be entitled to equitable tolling for mental incompetence the petitioner must show that he was mentally incompetent *and* that his incompetence caused the late filing. *Id*. at 742. The petitioner must show "a causal link between the mental condition and untimely filing." *Id*. A mental impairment "'might justify equitable tolling if it interferes with the ability to understand the need for

5

assistance, the ability to secure it, or the ability to cooperate with or monitor assistance'" once obtained. *Stiltner v. Hart*, 657 F. App'x 513, 521 (6th Cir. 2016) (quoting *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010)). Where a petitioner requests an evidentiary hearing regarding equitable tolling based on mental incompetence, the court must "determine whether [the petitioner's] factual allegations, accepted as true, show that he is mentally incompetent and that his mental incompetence prevented him from timely filing his petition." *Ata*, 662 F.3d at 743.

Petitioner argues that his long history of mental illness and the medications prescribed to treat his illness rendered him unable "to understand the legal process and underlying time limits associated with same." (ECF No. 9, PageID.481.) In support of his claim, Plaintiff submits three medical reports from 2014, one from 2017, and one from 2019, and information regarding medications he was prescribed in 2014 and 2015. The three 2014 reports were prepared by a community health provider and indicate that Petitioner was diagnosed with depression. (*See* ECF No. 1, PageID.52-58.) One 2014 report noted a diagnosis of "major depressive disorder." (*Id.* at PageID.52.) Petitioner submits two additional reports, dated December 21, 2017, and January 18, 2019. These reports were prepared by the MDOC Bureau of Health Care Services in connection with mental health treatment Petitioner received while in custody. (*Id.* at PageID.59-66.) Both reports indicate that Petitioner was diagnosed with depression, psychotic disorder, and antisocial personality disorder. (*Id.* at PageID.60, 65-66.) The reports also show that he received counseling and medication for his symptoms.

The medical reports support Petitioner's contention that he suffered from, and received treatment for, mental illness in 2014, 2017, and 2019. But Petitioner presents no evidence that his mental illness caused his failure to file a timely petition. Indeed, the 2017 report described Petitioner's "thought processes" as "linear and logical" and found no evidence of "delusional ideation." (*Id.* at PageID.64.) In the January 2019 report, the medical provider described Petitioner as being of "average intellect" and having "fair" judgment, insight, and reasoning ability. (*Id.* at PageID.60.) The clinician further noted that Petitioner's "[t]hought processes are logical" and his "attention is directed." (*Id.*) The state court judge who presided over Petitioner's criminal case and denied his motion for relief from judgment noted her familiarity with Petitioner and his case and found no reason to be concerned about Petitioner's ability to proceed in a rational manner. (*See* ECF No. 1., PageID.73.)

These reports substantiate Petitioner's claim that he suffered from mental illness but demonstrate no causal link between his illness and the untimely filing. *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 852 (6th Cir. 2017) (noting that "mental illness is not the same as mental incompetence"). "This is insufficient to justify tolling of the limitations period. *See McSwain v. Davis*, 287 F. App'x 450, 457-58 (6th Cir. 2008) ("[S]peculation about the impact of mental illness on the ability to timely file a habeas petition is not sufficient to warrant an evidentiary hearing."). The record simply does not support Petitioner's assertion that his mental illness was so severe that it was an "extraordinary circumstance [that] stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. Indeed, Petitioner's *pro se* filings in state and federal court contain logical

7

arguments and citations to legal authority, demonstrating that his mental condition (which he does not claim has changed over the relevant time period) did not prevent his timely access to federal court. *Kitchen v. Bauman*, 629 F. App'x 743, 748 (6th Cir. 2015) (holding that a petitioner's ability to file other pleadings is relevant to assessing a causal connection between mental incompetency and the ability to comply with a limitations period).

The petition is untimely and the motion to dismiss will be granted. Petitioner is also not entitled to an evidentiary hearing because his factual allegations are insufficient to support equitable tolling. *See Gresham v. Capello*, 489 F. App'x 930, 933 (6th Cir. 2012).

### III. Certificate of Appealability and *In Forma Pauperis*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11, Rules Governing Section 2254 Proceedings. When a petition is denied because it was not timely filed, a COA may be issued if the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court will deny a certificate of appealability because jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable.

The standard for granting an application for leave to proceed *in forma pauperis* on appeal is not as strict as the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability requires a substantial showing of the denial of a constitutional right, a court may grant *in forma pauperis* status on appeal if it finds that an appeal is being taken in good faith. *See id*. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24 (a). Although jurists of reason would not debate this Court's resolution of the petition, an appeal could be taken in good faith. Therefore, Petitioner may proceed *in forma pauperis* on appeal.

### IV. Conclusion

For the reasons stated, the Court **GRANTS** Respondent's motion to dismiss (ECF No. 6).

The Court **DENIES** a certificate of appealability.

The Court **GRANTS** Petitioner leave to proceed *in forma pauperis* on appeal.

s/F. Kay Behm
F. KAY BEHM
UNITED STATES DISTRICT JUDGE

Dated: September 25, 2023